13-1616-cv
Hughes v. Town of Bethlehem, Louis Corsi

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of March, two thousand fourteen.

Present:     PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
             DENNY CHIN,
                     *Circuit Judges*.

_____

CHRISTOPHER A. HUGHES,

                     *Plaintiff-Appellee*,

          -v-                                        13-1616-cv

TOWN OF BETHLEHEM, LOUIS CORSI, Police Chief,
sued in his individual capacity,

                     *Defendants-Appellants*.

_____

Appearing for Appellants:     Thomas J. O'Connor, Napierski, VanDenburgh, Napierski & O'Connor, LLP, Albany, N.Y.

Appearing for Appellee:       Michael H. Sussman, Sussman & Watkins, Goshen, N.Y.

Appeal from the United States District Court for the Northern District of New York (Sharpe, *C.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal is **DISMISSED** for lack of jurisdiction.

Defendants-Appellants Town of Bethlehem[1] and Police Chief Louis Corsi, in his individual capacity (collectively, "Defendants"), appeal from a March 29, 2013 Memorandum-Decision and Order of the United States District Court for the Northern District of New York (Sharpe, *C.J.*), denying their motion for summary judgment against Plaintiff-Appellee Christopher Hughes, who alleged a single count of First Amendment retaliation against the Town and Corsi. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Defendants contend that the district court erred in denying their motion for summary judgment because: (1) the "speech" that Hughes claims as protected consisted of reports and statements made pursuant to Hughes's official duties and responsibilities as a Bethlehem Police Officer and, thus, was not protected speech; (2) Hughes's statements to the District Attorney's office reporting his concerns about a fellow officer's conduct and Defendants' failure to investigate these allegations were knowingly or recklessly false and, therefore, were not protected; (3) the undisputed facts showed that Corsi had no retaliatory intent when he filed disciplinary charges against Hughes and removed his badge and service weapon; and (4) Corsi is entitled to qualified immunity as the law was not clearly established at the time of the challenged conduct and, in any event, Corsi's actions were objectively reasonable in light of Hughes's conduct.

"Although the denial of a motion for summary judgment is generally not appealable, an exception applies where . . . the challenged denial is based on the rejection of qualified immunity." *DiStiso v. Cook*, 691 F.3d 226, 239 (2d Cir. 2012). However, "[s]uch a denial is appealable only to the extent that resolution of the qualified immunity defense turns on issues of law." *Id.* Accordingly, a defendant who raises a qualified immunity defense "may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 319-20 (1995); *accord DiStiso*, 691 F.3d at 239. "What we may not do . . . is entertain an interlocutory appeal in which a defendant contends that the district court committed an error of law in ruling that the plaintiff's evidence was sufficient to create a jury issue on the facts relevant to the defendant's immunity defense." *Salim v. Proulx*, 93 F.3d 86, 91 (2d Cir. 1996).

"This does not mean that a district court can fully insulate a qualified immunity denial from appellate review simply by declaring that genuine issues of fact exist." *DeStiso*, 691 F.3d at 239 (internal alterations and quotation marks omitted). Rather, where a district court denies a

---

[1] With regard to our jurisdiction of the Town's interlocutory appeal, we have discretion to "exercise pendent jurisdiction over . . . issues that are not ordinarily subject to interlocutory review . . .when: (1) they are inextricably intertwined with the determination of qualified immunity; or (2) their resolution is necessary to ensure meaningful review of the district court's ruling on qualified immunity." *Walczyk v. Rio*, 496 F.3d 139, 153 (2d Cir. 2007). "Pendent appellate jurisdiction is a procedural device that rarely should be used because of the danger of abuse and . . . accordingly, we must exercise such jurisdiction only in exceptional circumstances." *Jones v. Parmley*, 465 F.3d 46, 65 (2d Cir. 2006) (internal alterations and quotation marks omitted). The circumstances of this case do not justify choosing to exercise our discretionary appellate jurisdiction over the Town's appeal.

defendant qualified immunity, there is appellate jurisdiction of that defendant's interlocutory appeal "if the defendant contests the existence of a dispute or the materiality thereof as a matter of law, or contends that he is entitled to qualified immunity even under plaintiff's version of the facts." *Id.* (internal quotation marks omitted). The qualified immunity determination requires us to ask whether "the facts, viewed in the light most favorable to the plaintiff, show that the officer's conduct violated a constitutional right," *Walczyk v. Rio*, 496 F.3d 139, 154 (2d Cir. 2007), and we must decide whether "the right at issue was 'clearly established' at the time of defendant's alleged misconduct," *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). This inquiry turns, in part, "on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." *Id.* at 244 (internal quotation marks omitted).

It is unquestionable on the record that at least some of Hughes's challenges are not subject to a defense of qualified immunity on any of the grounds that Corsi has raised, and that the question of whether either Corsi or the Town are entitled to judgment on any other basis involves questions not appropriately resolved on this interlocutory appeal. As Corsi must in any event proceed to trial on a number of Hughes's allegations, we will not attempt at this time to parse out which of the allegations might ultimately be found subject to qualified immunity or another defense, especially as those questions may turn on disputed facts.

The district court concluded that summary judgment was inappropriate because resolution of the causation element of Hughes's First Amendment retaliation claim depended on genuine factual disputes, particularly with respect to the question of Corsi's motive in lodging disciplinary charges and suspension against Plaintiff. These are precisely the types of decisions by a district court that the Supreme Court has rejected as unreviewable on interlocutory appeal. *See Johnson*, 515 U.S. at 319-20. Accordingly, at this stage of the litigation, and given the limited scope of our appellate review, Hughes has at least provisionally made a sufficient showing that Corsi violated his First Amendment rights to justify the district court's denial of the defendants' motion to dismiss the action. Further, a person's right not to be retaliated against for activities and speech protected under the First Amendment was clearly established well before the actions giving rise to this lawsuit.

Finally, the existence of a genuine factual dispute as to what Corsi's motivations and intent were when he allegedly took adverse action against Hughes necessarily precludes us from deciding whether Corsi's conduct was objectively reasonable. That is, the issue of whether it was objectively reasonable for Corsi to believe his conduct did not violate clearly established law requires resolution of genuine factual disputes as to what Corsi's motivations were, which cannot be resolved on this appeal, *see Johnson*, 515 U.S. at 319-20.

Based on the foregoing, Corsi is not entitled to qualified immunity. Accordingly, the appeal hereby is DISMISSED for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3